1    John J. Edmonds (SBN 274200)
     jedmonds@cepiplaw.com
2    COLLINS EDMONDS POGORZELSKI
     SCHLATHER & TOWER, PLLC
3    1851 East First Street Suite 900
     Santa Ana, CA 92705
4    Telephone:  +1-951-708-1237
     Facsimile:   +1-951-824-7901
5
     Attorney for Plaintiff
6    DIGITAL IMAGE TECHNOLOGIES, LLC

7
8                 UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
9                        WESTERN DIVISION

10

| | |
|---|---|
| 11  DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01324-ODW (MRWx) |
| 12  Plaintiff, | |
| 13  v. | JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER |
| 14  ELECTRONICS FOR IMAGING, INC., | |
| 15  Defendant. | Judge: Hon. Otis D. Wright, II |
| 16  DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01667-ODW (MRWx) |
| 17  Plaintiff, | |
| 18  v. | JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER |
| 19  PANASONIC CORPORATION and PANASONIC CORPORATION OF NORTH AMERICA, | |
| 20 | |
| 21  Defendants. | Judge: Hon. Otis D. Wright, II |

22
23
24
25
26
27
28

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CANON INC. and CANON U.S.A., INC.,<br><br><br>Defendants. | CASE NO. SACV 12-01670-ODW (MRWx)<br><br>JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAKAR INTERNATIONAL, INC. d/b/a VIVITAR,<br><br>Defendant. | CASE NO. 8:12-CV-01673-ODW (MRWx)<br><br>JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEAF IMAGING LTD (d/b/a Mamiyaleaf), and MAMIYA AMERICA CORPORATION,<br><br>Defendants. | CASE NO. 8:12-CV-01675-ODW (MRW)<br><br>JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER<br><br> Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPUS CORPORATION AND OLYMPUS IMAGING AMERICA, INC.,<br><br>Defendants. | CASE NO. SACV 12-01676-ODW (MRWx)<br><br>JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SONY CORPORATION; SONY CORPORATION OF AMERICA; and SONY ELECTRONICS INC.,<br><br>Defendants. | CASE NO. SACV 12-01678-ODW (MRWx)<br><br>JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FUJIFILM CORPORATION,<br><br>Defendant. | CASE NO. SACV 12-01679-ODW (MRWx)<br><br>JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL IMAGING CO.,<br><br>Defendants. | CASE NO. 8:12-cv-01680-ODW (MRWx)<br><br>JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SIGMA CORPORATION ET AL., <br><br> Defendant(s). | CASE NO. SACV 12-01681-ODW (MRWx) <br><br> JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NIKON CORPORATION AND NIKON INC., <br><br> Defendants. | CASE NO. SACV 12-01685-ODW (MRWx) <br><br> JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PENTAX RICOH IMAGING COMPANY, LTD., PENTAX RICOH IMAGING AMERICAS CORP., RICOH COMPANY, LTD., AND RICOH AMERICAS CORP., <br><br> Defendants. | CASE NO. SACV 12-01689-ODW (MRWx) <br><br> JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> XEROX CORPORATION, <br><br> Defendant. | CASE NO. SACV 12-01693-ODW (MRWx) <br><br> JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER <br><br> Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01694-ODW (MRWx) |
| | |
| Plaintiff, | |
| v. | JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER |
| KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC., | |
| Defendants. | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. 8:12-cv-01696-ODW (MRWx) |
| | |
| Plaintiff, | |
| v. | JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER |
| VICTOR HASSELBLAD AB and HASSELBLAD USA INC., | |
| Defendants. | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01697-ODW (MRW) |
| | |
| Plaintiff, | |
| v. | JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER |
| CASIO COMPUTER CO LTD, et al., | |
| Defendant(s). | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-02122 ODW (SSx) |
| | |
| Plaintiff, | |
| v. | JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER |
| ASUS COMPUTER INTERNATIONAL and ASUSTEK COMPUTER INC., | |
| Defendants. | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-02123-ODW (MRWx) |
| | |
| Plaintiff, | |
| v. | JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER |
| MOTOROLA MOBILITY LLC, et al., | |
| Defendant. | Judge: Hon. Otis D. Wright, II |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-02125 ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER |
| APPLE, INC. | |
| Defendant. | |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01677-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT SUBMISSION REGARDING PROTECTIVE ORDER AND ESI ORDER |
| LEICA CAMERA AG and LEICA CAMERA INC., | |
| Defendants. | Judge: Hon. Otis D. Wright, II |

6

Pursuant to the Court's Order for the parties to this consolidated litigation to file a joint brief addressing their respective positions on the protective and electronically-stored information orders to be issued in this case, Plaintiff Digitech Image Technologies, LLC ("Plaintiff") and Defendants Electronics for Imaging, Inc., Panasonic Corporation, Panasonic Corporation of North America, Canon Inc., Canon U.S.A., Inc., Sakar International, Inc. d/b/a Vivitar, Leaf Imaging LTD (d/b/a Mamiyaleaf), Mamiya America Corporation, Olympus Corporation, Olympus Imaging America, Inc., Leica Camera AG, Leica Camera Inc., Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., FUJIFILM Corporation, General Imaging Co., Sigma Corporation et al., Target Corporation, Nikon Corporation, Nikon Inc., Pentax Ricoh Imaging Company, Ltd., Pentax Ricoh Imaging Americas Corp., Ricoh Company, Ltd., Ricoh Americas Corp., Xerox Corporation, Konica Minolta Business Solutions, U.S.A., Inc., Victor Hasselblad AB and Hasselblad USA Inc., Casio Computer Co Ltd, Casio America, Inc., ASUS Computer International, ASUStek Computer Inc., and Motorola Mobility LLC et al. (collectively "Defendants"), file this joint brief as follows:

## I.     INTRODUCTION.

### A. PLAINTIFF'S INTRODUCTION

In this consolidated litigation, Plaintiff contends that Defendants infringe United States Patent No. 6,128,415 ("the '415 patent"), entitled "Device Profiles for a Digital Image Processing System."  Plaintiff states that various claims of the

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

'415 patent cover, inter alia, a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

Pursuant to the Court's Order for the parties to this consolidated litigation to file a joint brief addressing their respective positions on the protective and electronically-stored information orders to be issued in this case, the parties have meet and conferred in order to resolve as many issues as possible and to focus the significant disputed issues for the Court..  To that end, the Defendants have agreed that the proposed ESI Order previously submitted by Plaintiff should be entered for the above-referenced consolidated cases.  A copy of that proposed ESI Order is at Exhibit 1 hereto.

The parties have also narrowed their differences over the protective order to two areas of disagreement for the Court to resolve. Those two areas are the scope of the prosecution bar and the provisions applicable to the review and use of source code.  Plaintiff's proposed Protective Order, which has Plaintiff's Proposed prosecution bar and source code provisions, is at Exhibt 2 hereto.  Defendants'

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

proposed Protective order, which has Defendants' proposed prosecution bar and source code provisions, is at Exhibit 3 hereto.

Defendants' allegation below about the Court stating that it would enter the Defendants' proposed protective order are inaccurate. The Court's preliminary statement was based upon an incomplete representation by one of the Defense counsel that the Defendants' proposed protective order was different only in that it sought to prevent Digitech's employees from seeing highly confidential information. As Counsel for Digitech correctly pointed out at the hearing – to which the Court invited briefing – that is not an area of actual dispute; but rather, there are multiple other differences between the parties' respective positions. In fact, Defendants conceded multiple points during the meet and confer process, and still multiple points of disagreement remain, all of which are different from what the representative of the Defendants stated at the hearing.

Further, Defendants' complaint about not receiving an earlier redline of their proposed order is misplaced. First, the meet and confer process is a two-way street. Second, Digitech invited the Defendants to provide a redline of its proposed order – which the Defendants declined to do – which prompted Digitech to provide its own redline in an effort to advance the process. Exhibit 4. Third, Defendants' complain that Digitech did not provide "specific" written objections to their improper protective order provisions until Digitech provided its portion of this joint

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

submission earlier today; however, Defendants fail to mention what was discussed during the parties meet and confers.  Moreover, although Defendants' carry the burden of showing good cause for their improper and burdensome restrictions, to date they have *never* articulated any such good cause, except for vague concerns about alleged inadequacy of the Northern District's standard order, which has worked admirably in scores if not hundreds of patent infringement cases.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

## B. DEFENDANT'S INTRODUCTION

After the Court stated that it would enter Defendants' proposed protective order, Digitech requested an opportunity for briefing to address its objections to the Defendants' proposed order and the Court ordered the present joint brief.  Despite having requested the current briefing, by last Wednesday Digitech had not contacted Defendants' to meet and confer on the disputed issues. Defendants' sent Digitech's counsel an email on Wednesday requesting its proposed edits to Defendants' protective order.  Digitech refused to provide any edits to Defendants' order, but offered to meet and confer.  On Thursday Defendants requested a telephone conference with Digitech to discuss the Protective Order and emphasized the need to act promptly in view of the Monday deadline and the need to get input from many international clients.  Digitech did not respond to that email until today, Monday, April 15 (the day this joint brief is due) and identified, for the first time, its objections and edits to Defendants' proposed order.

## II.     SCOPE OF THE PROSECUTION BAR.

### A. PLAINTIFF'S POSITION.

Defendants seek to impose a "prosecution bar" upon Plaintiff's counsel and Plaintiff's experts who have access to Defendants' confidential information.  A prosecution bar prohibits such persons from engaging in patent prosecution in the relevant area for a significant period of time.  The justification for prosecution bars

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

is that persons having access to confidential information might *inadvertently* use or disclose it in patent prosecution activities, for example when drafting patent claims. *See, e.g., In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1380 (Fed. Cir. 2010).   Although a prosecution bar can present a significant burden on Plaintiff's ability to retain qualified experts in the field, Plaintiff is agreeable to there being a prosecution bar, *provided it is mutual to both sides.*

Plaintiff's proposed prosecution bar language is almost verbatim from the model protective order for patent cases from the U.S. District Court for the Northern District of California. http://www.cand.uscourts.gov/stipprotectorder.  Per standard practice in the Northern District and elsewhere, the language is equally applicable to both sides.  The only difference between Digitech's proposed order and the Northern District Standard Order is that Digitech had added "patent acquisition activities" to the normally covered "patent prosecution activities" in order to address the Defendants' belated demand that "patent acquisition activities" also be covered.  The scope of the prosecution bar should be equally applicable to both sides.  First, it imposes an impediment upon a parties' ability to retain qualified experts in the field.  Fairness dictates that both sides should have to deal with the same constraint.  Second, the justification for a prosecution bar is that a lawyer (or expert) may *inadvertently* use or disclose confidential information during patent prosecution. *See, e.g., In re Deutsche Bank Trust, supra.* One could

inadvertently use or disclose an adverse party's confidential information just like one could inadvertently use or disclose the confidential information of one's own client. Further, this case is likely to involve discovery from third parties, including the inventors of the '415 patent; from what remains from the original assignee of the '415 patent, which is Polaroid Corporation; and from third party witnesses, for example with respect to alleged prior art. The confidential information of such third parties is equally subject to inadvertent use or disclosure by counsel (and experts) for Plaintiff as by counsel (and experts) for Defendants.

Defendants' focus upon "Digitech" for their one-sided prosecution bar is misplaced and seeks only to distract the Court from the facts and issues. Under the *agreed* portions of the protective order, no one from Digitech will have access to HIGHLY CONFIDENTIAL information or source code of the Defendants. Since the employees of Digitech will lack access to any highly confidential information that could possibly be used for patent prosecution or acquisition, the prosecution bar is irrelevant to them. The prosecution bar in this case will apply to outside litigation counsel and experts, none of whom are involved in the business of Digitech.

Further, Defendants' allegation that "there is no reason to subject Defendants' counsel to a prosecution bar" while Plaintiff's counsel should be – is misplaced. All counsel in this case represent plaintiffs in some cases and

defendants in other cases.  Presumably all counsel in this case are patent attorneys, and presumably all could be called upon by clients to give advice on patent claims or acquisitions at some point.  Thus, any prosecution bar should apply across the board, including to ensure that its purpose of guarding against inadvertent use or disclosure – by anyone involved – is fulfilled.  The suggestion that Defense counsel are somehow more trustworthy or too good to be burdened with the prosecution bar they seek to impose on Plaintiff's counsel is wholly erroneous.

Further, Defendants have no answer for the fact that the prosecution bar is a burden on the parties' experts, and upon finding and retaining skilled experts in the field.  If there is to be a prosecution bar in this case, fairness requires that both sides be burdened the same with it when it comes to finding and retaining experts.

For the foregoing reasons, Plaintiff's proposed *mutual* prosecution bar in the proposed protective order at Exhibit 2, which  is verbatim (with one exception requested by Defendants) from the Northern District's model order, should be adopted.

## B. DEFENDANTS' POSITION.

Digitech and Defendants agree that a patent prosecution bar is appropriate in this case, but have proposed prosecution bars with somewhat different provisions.  Because Digitech has only stated that Defendants' prosecution bar is "one-sided and unreasonable," the reasons for and nature of Digitech's objections

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

are unclear.  Defendants' proposed prosecution bar should be adopted for the following reasons.

The purpose of both of the parties' proposed patent prosecution bars is to prevent litigation counsel from intentionally or inadvertently using information produced in discovery for matters other than the litigation.  *See* Digitech's Protective Order D.E. 37-4 at 8; Defendants' Protective Order D.E. 37-5 at 10 (confidential material is produced only for use in this case).  Patent prosecution bars avoid the situation where one party obtains an unfair advantage by using an opposing party's confidential technical information produced in discovery to prosecute or acquire new patent rights that read on the opposing party's products.

The Defendants here develop, manufacture, and/or sell products, and each will likely produce highly confidential technical information related to those products in response to Digitech's discovery requests.  Thus, a prosecution bar against the recipients of Defendants' confidential information serves the above stated goals of a prosecution bar.  By contrast, because Digitech does not develop, manufacture, or sell any product, it will not produce any confidential product-related technical information of its own that would merit a prosecution bar against recipients.

Further, Defendants' prosecution bar comports with the principles set forth by the Federal Circuit in *In re Deutsche Bank Trust Co. Americas LLC*, 605

F.3d 1373 (Fed. Cir. 2010). "[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *Id.* at 1378 (quoting *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980)).  The risk of inadvertent disclosure is especially apparent in this case because Digitech will have access to the source code of over a dozen defendants, each of which manufacture digital imaging products or mobile telecommunication devices and are competitors in the market. Some of the Defendants' proprietary source code contains the latest developments in the field of digital imaging.  *Id.* at 1381  ("New inventions and technology under development, especially those that are not already the subject of pending patent applications, may pose a heightened risk of inadvertent disclosure by counsel involved in prosecution-related competitive decisionmaking. . . .").  This is a clear case where counsel, who has access to the cutting-edge source code of multiple competing companies, should be prohibited from prosecuting patents in the relevant field for an appropriate period of time.

In addition, Digitech exists for the sole purpose of asserting nearly twenty year old patent rights it acquired from others.  Digitech does not bear the risk that Defendants will use Digitech's information to acquire patent rights to use against Digitech.  First, Digitech has not represented that it has any confidential information that requires protection.  Given the age of the patent and the fact that

Digitech acquired this patent from a third-party, who in turn acquired it from a successor of the bankrupt Polaroid Corporation, it is unlikely that Digitech will produce much if any confidential technical information.  Second, Digitech does not develop, manufacture, or sell anything.  Thus, there is no opportunity for Defendants to gain an unfair advantage by tailoring their patents to cover Digitech's products.  There are no such products.  Third, Digitech's outside counsel has represented that they do not perform any patent prosecution whatsoever, let alone the prosecution of digital imaging patents.  Thus, Digitech has not identified any reason why it or its outside counsel would be harmed by a prosecution bar.

Since the same risk of inadvertent disclosure does not exist for Defendants, the two-way prosecution bar wished for by Digitech is unwarranted. To the extent that Digitech does in fact produce any relevant source code (perhaps for issues relevant to conception or reduction to practice), that code would concern products and software produced over 15 years ago, as the '415 patent was filed in 1996.  This stale information poses no risk of harm to Digitech, while review of Defendants' present and highly confidential source code, concerning products currently on the market, poses the risk of serious and irreparable harm to Defendants.  The prosecution bar requested by Defendants can mitigate this risk, even for inadvertent or unintentional disclosures.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

Accordingly, there is no reason to subject Defendants' counsel to a prosecution bar. And Digitech has not provided any. Digitech's stated concern about the impact of Defendants' proposed bar on third parties is entirely hypothetical. As stated above, the prosecution bar is intended to protect confidential information describing a party's products from being used to by another to obtain patent rights. Right now the parties can only speculate whether any third party's products are relevant to this litigation. Should such third party product information become relevant, the need for a prosecution bar can be addressed on a case-by-case basis with those third parties.

## III.   PROVISIONS RELATING TO REVIEW AND USE OF SOURCE CODE.

### A. PLAINTIFF'S POSITION.

Plaintiff's proposed source code provisions are also verbatim from the model protective order from the U.S. District Court for the Northern District of California. http://www.cand.uscourts.gov/stipprotectorder. The Northern District has struck an appropriate balance between the confidentiality of source code and the need to avoid unduly hindering a party's ability to review code, work with experts, prepare expert reports, conduct motion practice and try their case.

The touchstone of the Northern District's model order is reasonableness and avoiding the micro-managing of source code review and use, because the facts of each case call for reasonableness on both sides of the aisle. For example, the

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

Northern District's model order provides for source code to be made available in a "format allowing it to be reasonably reviewed" at "mutually agreeable times" and "mutually agreed upon" locations.  Source code is appropriately made available for inspection on a "secured computer in a secured room without Internet access or network access," and the receiving party is prohibited from copying or transferring any portion of the source code onto any recordable media or recordable device.  Further, the Receiving Party may request paper copies of limited portions of source code that are "reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically."  Any such source code is appropriately marked as ""HIGHLY CONFIDENTIAL - SOURCE CODE" to help ensure its utmost confidentiality.  Further, if the producing party deems the amount of source code required requested to be printed to be excessive, it may seek court intervention.

In stark contrast to the Northern District's fair, balanced and reasonable approached, Defendants' proposed source code provisions are non-standard, arbitrary, micro-managing and unduly burdensome on the Plaintiff.  Without limitation:

(1) Defendants' proposal requires Plaintiff to make any source code available it its counsel's Santa Ana office of its outside counsel, but allows each

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

Defendant to decide where to produce its source code. This is one-sided and unduly burdensome on Plaintiff.

(2) Defendants' proposal requires 30 days notice to inspect source code. This is inappropriate and it would unduly hinder Plaintiff's ability to review code in this case.

(3) Despite the fact that source code will be provided on a secure "black box" computer with no means to copy or transfer files, Defendants' seek to prevent Plaintiff's counsel and experts from bringing their laptop computers and cell phones into the code review room.   This is inappropriate and unduly burdensome, and it would unduly inconvenience Plaintiff's counsel and experts, and thus hinder Plaintiff's ability to review code in this case.

(4)  In lieu of the "reasonableness" provisions in the Northern District's model order, Defendants seek to arbitrarily provide that "more than five (5) pages of a continuous block of Source Code shall be presumed to be excessive."  Such arbitrary provisions are not tailored to any facts of this case, no good cause has been shown for them, and they will like unduly hinder Plaintiff's ability to review and use code in this case.

(5) In lieu of the "reasonableness" provisions in the Northern District's model order, Defendants seek to arbitrarily provide that the "Receiving Party shall have no more than a total of fifty (50) pages of a Producing Party's Source Code in

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

its possession at any one time, and may request no more than one hundred (100)

pages total of Source Code" across **_all_** of these many consolidated cases.   Such

arbitrary provisions are not tailored to any facts of any case, and would unduly

hinder Plaintiff's ability to review and use code in this consolidated litigation.

Defendants point to hand-picked *stipulated* protective orders in support of

their position.  However, nothing is known about the particular facts of those cases

that justified, for example, specific page limits on source code production without

any reasonableness requirement.  For example, it is not known whether source code

was even at issue in those cases, or whether the parties to those cases even intended

to inspect source code, or whether any significant volumes of source code might

have been expected to be produced.  Although Plaintiff could cite to scores, if not

hundreds of cases, in which the standard provisions of the Northern District's

protective order have worked well, Defendants' cannot point to a single contested

decision in which a court has adopted their position over a party's objection.

To summarize, Defendants' proposed source code provisions are non-

standard, arbitrary, micro-managing and unduly burdensome on the Plaintiff.  For

the foregoing reasons, Plaintiff's proposed source code provision in the proposed

protective order at Exhibit 2, which is verbatim from the Northern District's

reasonably worded model order, should be adopted.

## B. DEFENDANTS' POSITION.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Digitech and Defendants agree that Defendants' proprietary and confidential source code requires some form of heightened discovery protection. Defendants' proposed protective order provides specific protections to guide the parties' review and handling of this highly sensitive information.

Although opposed to Defendants' proposed order, Digitech did not provide any specific objections until 4:00pm Pacific on the day of this filing.  Up until this point, Digitech had merely argued that Defendants' source code provisions are "overly burdensome and unreasonable."   Thus, Defendants were forced to prepare their responsive brief by speculating as to Digitech's possible objections.  Defendants' address Digitech's late specific objections tracking Digitech's numbering above, as follows:

(1)  Defendants' Protective Order identifies Counsel for Digitech's Santa Ana office as their preferred location for review of source code, but it allows for another mutually agreeable location.  Defendants are willing to meet and confer with Digitech to attempt to establish a mutually agreeable location for each of Defendants' source code productions.

(2)  The 30 days proposed by Defendants provides a reasonable time frame to make the necessary arrangements for source code review.  Digitech has not proposed any alternative, nor articulated why 30-days notice is "inappropriate"

22

or would "unduly hinder" Digtech's review.  Advanced notice is not inappropriate and certainly would not hinder Digitech's actual review of source code.

(3)  Given the camera functionality and network connections afforded almost all modern laptops and phones, the "black box" security provisions provided would be wholly frustrated if other devices were allowed into the source code review room.

(4)-(5)  These provisions are addressed in detail below.  However, Defendants' note that the proper interpretation of the provisions limiting the number of source code pages are on a per producing party basis, not one limit for all parties across the numerous consolidated litigations as Digitech suggests.

### (i) Defendants' provisions for printing and handling source code are standard terms, which this Court has previously adopted.

Defendants' source code provisions are neither overly burdensome nor unreasonable.  Defendants' order provides specific provisions governing the inspection, copying, and handling of its source code, which are intended to provide clear and useful guidelines to the parties on the source code issue that are not afforded by the N.D. Cal. model protective order for patent cases offered by Digitech.

Digitech's proposed protective order does not provide any guidelines for these issues and only states that the "Producing Party may challenge the amount of source code requested in hard copy form."  Therefore, under Digitech's proposed

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

protective order, the parties will need to repeatedly debate the extent to which it is "reasonably necessary" for Digitech to make paper copies, including how many copies Digitech may make and the length of each copy. These types of continuous disputes, which squander the parties' and this Court's time and judicial resources, can be readily resolved in advance, by adopting the clear limitations set forth in Defendants' proposed protective order.

Digitech argues that these provisions are "non-standard, arbitrary, micromanaging and unduly burdensome," but this is absolutely incorrect. In fact, this Court has consistently recognized that additional safeguards are necessary (over the standard N.D. Cal. protective order) to prevent unauthorized dissemination or misuse of proprietary and confidential source code. *See, e.g.*, *One-E-Way, Inc. v. Audiovox Corp.*, 2:12-cv-00580-ODW-JC, Stipulated Protective Order (D.E. 18) (C.D. Cal. July 31, 2012) (ordered on Aug. 10, 2012); *Network Signatures, Inc. v. General Mills, Inc.*, Case 8:11-cv-01729-JVS-RNB, Order re Stipulated Protective Order (D.E. 41) (C.D. Cal. June 18, 2012).

Aside from generally arguing that Defendants' source code provisions unduly hinder Digitech's review, Digitech has articulated no reason why Defendants' source-code provisions would result in unfairness or hardship to Digitech. And, contrary to Digitech's argument, Defendants have demonstrated "good cause" for this Court to adopt its provisions—that is, that the highly sensitive

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

nature of source code has been recognized by this Court, and Defendants' proposed

protocol for inspecting, copying, and handling source code is neither unreasonable

nor renders any injustice on Digitech.

### (ii) Defendants' protocol for source-code inspection is similar to protocols commonly adopted by this Court.

To govern Digitech's inspection and use of any source-code production, Defendants propose a straightforward and commonly used set of procedures, as set forth in Section 11 of Defendants' Protective Order. *See* Exhibit 3. These procedures include, among other things, making source code available for inspection at the offices of the producing party's outside counsel (or another location designated by the producing party). Retaining source code at a location of the producing party ensures the highest degree of security for Defendants' source code and allows Defendants to make available the necessary technical support for facilitating Digitech's review and printing of the code. Defendants further propose that source code is subject to reasonable and defined limits on printing, copying, and electronic imaging, as described in subparagraphs iii, v, viii, ix, and xii of Exhibit 3.

Digitech's proposed protective order, like Defendants', states that source code should not be printed for off-site review and that printing is only allowed for the limited purposes such as use in Court filings. But Digitech's proposed order gives no guidance as to how much source code printing is "reasonable" for these

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

purposes.  Under Digitech's proposed order, each individual Defendant will have to later debate with Digitech what is reasonable on a case-by-case basis.  In an effort to avoid burdening the Court with numerous motions regarding what constitutes non-excessive and "reasonable" printing and copying limits, the Defendants' protective order sets forth express limits that are deemed reasonable.

This Court has adopted procedures like those proposed by Defendants for handling source code. *See, e.g., One-E-Way, Inc. v. Audiovox Corp.*, 2:12-cv-00580-ODW-JC, Stipulated Protective Order (D.E. 18) (C.D. Cal. July 31, 2012) (ordered on Aug. 10, 2012); *Network Signatures, Inc. v. General Mills, Inc.*, Case 8:11-cv-01729-JVS-RNB, Order re Stipulated Protective Order (D.E. 41) (C.D. Cal. June 18, 2012).  In these cases, this Court accepted protective orders providing heightened levels of security for source code.  For example, in *One-E-Way*, a patent infringement case in this Court, the defendant's highly sensitive source code was also at issue.  This Court adopted a stipulated protective order with many of the same security provisions that Defendants here have requested.  *See One-E-Way*, Stipulated Protective Order, D.E. 18.  The *One-E-Way* order provides that (a) source code will be made available during regular business hours on two business days of notice and (b) source code may not be copied (electrically or not) by the receiving party.  *See id.*  The order also provides provisions on the handling of the source code room (including items brought into or left within the room) and the

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

handling of paper copies of source code.  *See id*.  These are the very same

provisions included by Defendants in their proposed order, wholly absent from

Digitech's proposed order, and yet objected to by Digitech as "non-standard,

arbitrary, micro-managing and unduly burdensome."  It is unclear, however, how

Defendants' provisions are somehow less reasonable that those adopted in the *One-*

*E-Way* order.

        In addition, in *Network Signatures* (also a patent infringement case in this

Court), this Court adopted another similar protective order when the defendants'

source code was at issue.  *See Network Signatures*, Order re Stipulated Protective

Order (D.E. 41).  In fact, the *Network Signatures* order provided explicit limitations

on (a) the number of consecutive pages of printed source code the receiving party

could obtain, (b) the aggregated number of pages of printed source code the

receiving party could obtain, and (c) the number of additional paper copies the

receiving party's outside counsel could make—just as Defendants' proposed order

articulates.  *See id*.  The *Network Signatures* order also included provisions (similar

to Defendants' provisions) for logging the receivers and reviewers of source code,

for maintaining and storing source code, and for marking and using source code in

court documents.  *See id*.  Digitech's proposed order contains little to no limitations

on these review procedures, instead leaving it up to the parties to dispute these

issues down the road, unnecessarily burdening this Court with the need for judicial intervention.

As this case could raise issues about Defendants' highly sensitive source code, Defendants have an overwhelming interest in protecting the misuse or dissemination of its proprietary source code.  Digitech has failed to timely offer any reason why the security provisions in Defendants' proposed protective order are "overly burdensome" or "unreasonable."  Instead, Digitech merely complained that Defendants' protective order differs from the standard N.D. Cal. protective order.  *See* E-mail from J. Edmonds to K. Lieb (Apr. 10, 2013), attached as Exhibit 5.  This Court has repeatedly allowed modifications to the standard N.D. Cal. protective order.  Here, Defendants have sought to provide reasonable and fair guidelines on the inspection of source code, which this Court has repeatedly agreed demands a heightened level of protection, and which Digitech cannot refute.

Accordingly, Defendants seek similar protections in this case for governing the inspection, copying, and handling of highly confidential source code.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1  Dated:        April 15, 2013           Collins Edmonds Pogorzelski Schlather &
                                          Tower PLLC
2

3                                         By: /s/ JOHN J. EDMONDS
4                                         JOHN J. EDMONDS

5                                          Attorneys for Plaintiff
                                          Digitech Image Technologies, LLC
6
   Dated:        April 15, 2013           Jones Day
7

8                                         By: /s/ FRANK P. COTE
9                                         FRANK P. COTE

10                                        Attorneys for Defendant
                                          Electronics for Imaging, Inc.
11
   Dated:        April 15, 2013           Orrick, Herrington & Sutcliffe LLP
12

13                                        By: /s/ CHRISTOPHER P. BRODERICK
14                                         CHRISTOPHER P. BRODERICK

15                                        Attorneys for Defendants
                                          Panasonic Corporation And Panasonic
16                                        Corporation of North America

17 Dated:        April 15, 2013           Orrick, Herrington & Sutcliffe LLP
18

19                                        By: /s/ CHRISTOPHER P. BRODERICK
                                           CHRISTOPHER P. BRODERICK
20

21                                         Attorneys for Defendants
                                          Canon Inc. and Canon U.S.A., Inc.
22 Dated:        April 15, 2013           Kohan Law Firm
                                          Ezra Sutton & Associates, P.A.
23

24

25                                        By: /s/ K. TOM KOHAN
                                          K. TOM KOHAN
26

27                                         Attorneys for Defendant and
                                          Counter-claimant Sakar International, Inc.
28

| | | |
|---|---|---|
| 1 | Dated: | April 15, 2013 | Greenburg Traurig, LLP |
| 2 | | | |
| 3 | | | By: /s/ J. RICK TACHÉ |
| 4 | | | J. RICK TACHÉ |
| 5 | | | Attorneys for Defendant Mamiya America Corporation |

```
 1   Dated:       April 15, 2013        Greenburg Traurig, LLP
 2
 3                                      By: /s/ J. RICK TACHÉ
 4                                      J. RICK TACHÉ
 5                                      Attorneys for Defendant
                                        Mamiya America Corporation
 6   Dated:       April 15, 2013        Greenburg Traurig, LLP
 7
 8                                      By: /s/ J. RICK TACHÉ
 9                                      J. RICK TACHÉ
10                                      Attorneys for Defendant
                                        Leaf Imaging Ltd.
11   Dated:       April 15, 2013        Orrick, Herrington & Sutcliffe LLP
12
13                                      By: /s/ CHRISTOPHER P. BRODERICK
14                                      CHRISTOPHER P. BRODERICK
15                                      Attorneys for Defendants
                                        Olympus Corporation and Olympus Imaging
16                                      America, Inc.
17   Dated:       April 15, 2013        Finnegan, Henderson, Farabow, Garrett &
                                        Dunner, LLP
18
19
20                                      By: /s/ LIONEL M. LAVENUE
                                        LIONEL M. LAVENUE
21
22                                      Attorneys for Defendants
                                        Sony Corporation, Sony Corporation of
                                        America, and Sony Electronics Inc.
23
24
25
26
27
28
```

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1   Dated:        April 15, 2013         Orrick, Herrington & Sutcliffe LLP

2

3                                        By: /s/ CHRISTOPHER P. BRODERICK
                                         CHRISTOPHER P. BRODERICK
4
                                         Attorneys for Defendant
5                                        FUJIFILM Corporation

6   Dated:        April 15, 2013         Knobbe, Martens, Olson & Bear, LLP

7

8                                        By: /s/ JON W. GURKA
                                         JON W. GURKA
9
                                         Attorneys for Defendant
10                                       General Imaging Company
11  Dated:        April 15, 2013         Orrick, Herrington & Sutcliffe LLP

12

13                                       By: /s/ CHRISTOPHER P. BRODERICK
                                         CHRISTOPHER P. BRODERICK
14
                                         Attorneys for Defendants
15                                       Sigma Corporation and Sigma Corporation of
                                         America
16  Dated:        April 15, 2013         Orrick, Herrington & Sutcliffe LLP

17

18                                       By: /s/ CHRISTOPHER P. BRODERICK
                                         CHRISTOPHER P. BRODERICK
19
                                         Attorneys for Defendants
20                                       Nikon Corporation and Nikon, Inc.

21  Dated:        April 15, 2013         DLA Piper LLP (US)

22

23                                       By: /s/ RICHARD DE BODO
                                         RICHARD DE BODO
24
                                         Attorneys for Defendants
25                                       Pentax Ricoh Imaging Co., Ltd.; Pentax Ricoh
                                         Imaging Americas Corporation; Ricoh
26                                       Company, Ltd.; and Ricoh Americas Corp.

27

28
                                                            JOINT REPORT UNDER
                                              31            FED.R.CIV.P. 26(F)
                                                            AND L. R. 26-1

1   Dated:     April 15, 2013     Ballard Spahr LLP

2

3                           By: /s/ ROSINA M. HERNANDEZ

4                           ROSINA M. HERNANDEZ

Attorneys for Defendant
5                           Xerox Corporation

6   Dated:     April 15, 2013     Orrick, Herrington & Sutcliffe LLP

7

8                           By: /s/ CHRISTOPHER P. BRODERICK

9                           CHRISTOPHER P. BRODERICK

Attorneys for Defendant
10                         Konica Minolta Business Solutions, U.S.A.,
11                         Inc.

12  Dated:     April 15, 2013     Renner, Otto, Boisselle & Sklar, LLP

13

14                           By: /s/ MARK C. JOHNSON

15                           MARK C. JOHNSON

16                         Attorneys for Defendants
Victor Hasselblad AB and Hasselblad USA
17                         Inc.

18  Dated:     April 15, 2013     Sills Cummis & Gross P.C.

19

20                         By: /s/ SCOTT D. STIMPSON
SCOTT D. STIMPSON
21

22                       Attorneys for Defendants
Casio America, Inc. and Casio Computer Co.,
23                       Ltd.

24

25

26

27

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1    Dated:        April 15, 2013         Turner Boyd LLP

2

3                                         By: /s/ JOSHUA M. MASUR

4                                         JOSHUA M. MASUR

                                          Attorneys for Defendants
5                                         ASUS Computer International and ASUSTeK
                                          Computer Inc.
6
     Dated:        April 15, 2013         Bostwick & Jassy LLP
7                                         Kilpatrick Townsend & Stockton LLP

8

9                                         By: /s/ GARY L. BOSTWICK

10                                        GARY L. BOSTWICK

                                          Attorneys for Defendant
11                                        Motorola Mobility LLC

12
     Dated:        April 15, 2013         Crowell & Moring LLP
13
                                          By: /s/ DANIEL A. SASSE
14                                        DANIEL A. SASSE
                                          Attorneys for Defendants
15                                        Leica Camera AG and Leica Camera Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                              JOINT REPORT UNDER
                                                              FED.R.CIV.P. 26(F)
                                    33                        AND L. R. 26-1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, John J. Edmonds, declare as follows:

I am over the age of eighteen years and am not a party to this action. I am employed at the law firm of Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC and I am a member of the bar of this Court. I hereby certify that on April 15, 2013 the following document was transmitted via the Court's Electronic Case Filing (ECF) system:

**JOINT SUBMISSION REGARDING PROTECTIVE ORDE
AND ESI ORDER**

I further certify that the attached document was sent on March 11, 2013 via the Court's Electronic Case Filing (ECF) system to all counsel of record in this action.

April 15, 2013                                          Respectfully Submitted,


                                                        /s/ John J. Edmonds
                                                        John J. Edmonds

                                                        ATTORNEY FOR PLAINTIFF
                                                        DIGITECH IMAGE
                                                        TECHNOLOGIES, LLC.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1