O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHOLOGIES, LLC,<br><br>            Plaintiff,<br>   v.<br>ELECTRONICS FOR IMAGING, INC. et al.,<br><br>            Defendants.<br>LEAD CASE—APPLIES TO ALL COORDINATED ACTIONS | Case No. 8:12-cv-1324-ODW(MRWx)<br><br>**STIPULATED ELECTRONICALLY STORED INFORMATION ORDER** |

The Court **ORDERS** as follows:

    1.    This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

    2.    This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding

/ / /

these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly

agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

/ / /

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

SO STIPULATED

Dated: April 15, 2013        Collins Edmonds Pogorzelski Schlather & Tower PLLC

By: /s/ JOHN J. EDMONDS
JOHN J. EDMONDS

Attorneys for Plaintiff
Digitech Image Technologies, LLC

Dated: April 15, 2013        Jones Day

By: /s/ FRANK P. COTE
FRANK P. COTE

Attorneys for Defendant
Electronics for Imaging, Inc.

Dated: April 15, 2013        Orrick, Herrington & Sutcliffe LLP

By: /s/ CHRISTOPHER P. BRODERICK
CHRISTOPHER P. BRODERICK

Attorneys for Defendants
Panasonic Corporation And Panasonic Corporation of North America

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Orrick, Herrington & Sutcliffe LLP |

By: /s/ CHRISTOPHER P. BRODERICK
CHRISTOPHER P. BRODERICK

Attorneys for Defendants
Canon Inc. and Canon U.S.A., Inc.

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Kohan Law Firm<br>Ezra Sutton & Associates, P.A. |

By: /s/ K. TOM KOHAN
K. TOM KOHAN

Attorneys for Defendant and
Counter-claimant Sakar International, Inc.

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Greenburg Traurig, LLP |

By: /s/ J. RICK TACHÉ
J. RICK TACHÉ

Attorneys for Defendant
Mamiya America Corporation

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Greenburg Traurig, LLP |

By: /s/ J. RICK TACHÉ
J. RICK TACHÉ

Attorneys for Defendant
Leaf Imaging Ltd.

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Orrick, Herrington & Sutcliffe LLP |

By: /s/ CHRISTOPHER P. BRODERICK
CHRISTOPHER P. BRODERICK

Attorneys for Defendants
Olympus Corporation and Olympus Imaging
America, Inc.

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Finnegan, Henderson, Farabow, Garrett & Dunner, LLP |
| | | By: /s/ LIONEL M. LAVENUE |
| | | LIONEL M. LAVENUE |
| | | Attorneys for Defendants Sony Corporation, Sony Corporation of America, and Sony Electronics Inc. |
| Dated: | April 15, 2013 | Orrick, Herrington & Sutcliffe LLP |
| | | By: /s/ CHRISTOPHER P. BRODERICK |
| | | CHRISTOPHER P. BRODERICK |
| | | Attorneys for Defendant FUJIFILM Corporation |
| Dated: | April 15, 2013 | Knobbe, Martens, Olson & Bear, LLP |
| | | By: /s/ JON W. GURKA |
| | | JON W. GURKA |
| | | Attorneys for Defendant General Imaging Company |
| Dated: | April 15, 2013 | Orrick, Herrington & Sutcliffe LLP |
| | | By: /s/ CHRISTOPHER P. BRODERICK |
| | | CHRISTOPHER P. BRODERICK |
| | | Attorneys for Defendants Sigma Corporation and Sigma Corporation of America |
| Dated: | April 15, 2013 | Orrick, Herrington & Sutcliffe LLP |
| | | By: /s/ CHRISTOPHER P. BRODERICK |
| | | CHRISTOPHER P. BRODERICK |
| | | Attorneys for Defendants Nikon Corporation and Nikon, Inc. |

| | | |
|---|---|---|
| Dated: | April 15, 2013 | DLA Piper LLP (US) |

By: /s/ RICHARD DE BODO
RICHARD DE BODO

Attorneys for Defendants
Pentax Ricoh Imaging Co., Ltd.; Pentax Ricoh Imaging Americas Corporation; Ricoh Company, Ltd.; and Ricoh Americas Corp.

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Ballard Spahr LLP |

By: /s/ ROSINA M. HERNANDEZ
ROSINA M. HERNANDEZ

Attorneys for Defendant
Xerox Corporation

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Orrick, Herrington & Sutcliffe LLP |

By: /s/ CHRISTOPHER P. BRODERICK
CHRISTOPHER P. BRODERICK

Attorneys for Defendant
Konica Minolta Business Solutions, U.S.A., Inc.

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Renner, Otto, Boisselle & Sklar, LLP |

By: /s/ MARK C. JOHNSON
MARK C. JOHNSON

Attorneys for Defendants
Victor Hasselblad AB and Hasselblad USA Inc.

| | | |
|---|---|---|
| Dated: | April 15, 2013 | Sills Cummis & Gross P.C. |

By: /s/ SCOTT D. STIMPSON
SCOTT D. STIMPSON

Attorneys for Defendants
Casio America, Inc. and Casio Computer Co., Ltd.

Dated:       April 15, 2013       Turner Boyd LLP

By: /s/ JOSHUA M. MASUR
JOSHUA M. MASUR

Attorneys for Defendants
ASUS Computer International and ASUSTeK Computer Inc.

Dated:       April 15, 2013       Bostwick & Jassy LLP
Kilpatrick Townsend & Stockton LLP

By: /s/ GARY L. BOSTWICK
GARY L. BOSTWICK

Attorneys for Defendant
Motorola Mobility LLC

Dated:       April 15, 2013       Crowell & Moring LLP

By: /s/ DANIEL A. SASSE
DANIEL A. SASSE
Attorneys for Defendants
Leica Camera AG and Leica Camera Inc.

**SO ORDERED.**

DATED: May 22, 2013

_____
Hon. Otis D. Wright, II
UNITED STATES DISTRICT JUDGE

<u>List of Coordinated *Digitech* Cases</u>

| # | Case Number | Case Name |
|---|---|---|
| 1. | 8:12-cv-01324-ODW-MRW | *Digitech v. Electronics for Imaging Inc.* |
| 2. | 8:12-cv-01667-ODW-MRW | *Digitech v. Panasonic Corp. et al.* |
| 3. | 8:12-cv-01668-ODW-MRW | *Digitech v. Buy.com* |
| 4. | 8:12-cv-01669-ODW-MRW | *Digitech v. Best Buy Co.* |
| 5. | 8:12-cv-01670-ODW-MRW | *Digitech v. Canon Inc. et al.* |
| 6. | 8:12-cv-01671-ODW-MRW | *Digitech v. B & H Foto & Elec. Corp.* |
| 7. | 8:12-cv-01673-ODW-MRW | *Digitech v. Sakar Int'l Inc.* |
| 8. | 8:12-cv-01675-ODW-MRW | *Digitech v. Mamiya Digital Imaging Co. et al.* |
| 9. | 8:12-cv-01676-ODW-MRW | *Digitech v. Olympus Corp. et al.* |
| 10. | 8:12-cv-01677-ODW-MRW | *Digitech v. Leica Camera AG et al.* |
| 11. | 8:12-cv-01678-ODW-MRW | *Digitech v. Sony Corp. et al.* |
| 12. | 8:12-cv-01679-ODW-MRW | *Digitech v. Fujifilm Corp. et al.* |
| 13. | 8:12-cv-01680-ODW-MRW | *Digitech v. General Imaging Co.* |
| 14. | 8:12-cv-01681-ODW-MRW | *Digitech v. Sigma Corp. et al.* |
| 15. | 8:12-cv-01683-ODW-MRW | *Digitech v. Target Corp.* |
| 16. | 8:12-cv-01685-ODW-MRW | *Digitech v. Nikon Corp. et al.* |
| 17. | 8:12-cv-01686-ODW-MRW | *Digitech v. Micro Elec. Inc.* |
| 18. | 8:12-cv-01687-ODW-MRW | *Digitech v. Overstock.com* |
| 19. | 8:12-cv-01688-ODW-MRW | *Digitech v. Newegg Inc.* |
| 20. | 8:12-cv-01689-ODW-MRW | *Digitech v. Pentax Ricoh Imaging et al.* |
| 21. | 8:12-cv-01693-ODW-MRW | *Digitech v. Xerox Co.* |
| 22. | 8:12-cv-01694-ODW-MRW | *Digitech v. Konica Minolta Holdings Inc. et al.* |
| 23. | 8:12-cv-01695-ODW-MRW | *Digitech v. CDW LLC* |
| 24. | 8:12-cv-01696-ODW-MRW | *Digitech v. Victor Hasselblad AB et al.* |
| 25. | 8:12-cv-01697-ODW-MRW | *Digitech v. Casio Computer Co. et al.* |
| 26. | 8:12-cv-02122-ODW-MRW | *Digitech v. Asus Computer Int'l et al.* |
| 27. | 8:12-cv-02123-ODW-MRW | *Digitech v. Motorola Mobility Inc. et al.* |
| 28. | 8:12-cv-02126-ODW-MRW | *Digitech v. Acer America Corp. et al.* |
| 29. | 8:12-cv-02127-ODW-MRW | *Digitech v. Toshiba Corp. et al.* |
| 30. | 8:13-cv-00134-ODW-MRW | *Digitech v. LG Electronics USA et al.* |