**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHOLOGIES, LLC, | Case No. 8:12-cv-1324-ODW(MRWx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| ELECTRONICS FOR IMAGING, INC. et al., | |
| Defendants. | |
| LEAD CASE—APPLIES TO ALL COORDINATED ACTIONS | |

    The parties to this consolidated patent litigation anticipate that documents, testimony, and other discovery-related materials containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such documents, testimony, and other discovery-related materials, and the information contained therein.

/ / /

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.   **PURPOSES AND LIMITATIONS**

(a)   Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)   The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.   **DEFINITIONS**

(a)   "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, communications, testimony, transcripts, initial disclosures, responses to interrogatories and requests for admission, source code, and tangible things) that are produced, disclosed, or generated in connection with discovery in this case, including disclosures made pursuant to Rule 26(a) or Rule 45 of the Federal Rules of Civil Procedure.

(b)   "Outside Counsel" means (i) outside counsel who have entered an appearance as counsel for a Party, including counsel appearing as pro hac vice, and (ii) partners, associates, and staff of such outside counsel to whom it is reasonably necessary to disclose the Protected Material for this litigation.

/ / /

(c)    "Patents-in-suit" means U.S. Patent No. 6,128,415 and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

(e)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include, among other things:  (i) advertising materials that have been actually published or publicly disseminated; or (ii) materials that show on their face they have been disseminated to the public.

(g)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)    "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip. Source code includes, without limitation, human-readable programming language text that defines software, firmware, electronic hardware descriptions and/or instructions or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware. Source code documents at least include (1) printed documents that contain or describe in detail selected source code components (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain or describe in detail selected source code components ("described source code"); (3) electronic source code

documents that reside in a source code repository from which software and related data files may be compiled, assembled, linked, executed, debugged and/or tested ("source code files"); and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe in detail source code, source code files, and/or the development hereof. Source code files include, but are not limited to documents containing source code in "C", "C++", VHDL, Java, Java scripting languages, assembler languages, command languages and shell languages. Source code files may further include "header files", "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.

(i)     "Final Determination" means the final resolution of all claims raised by either Party during the course of this litigation, whether by dismissal or by entry of judgment, including any and all appeals thereof.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

/ / /

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.   **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.  Plaintiff shall not share Protected Material produced by one Defendant with any other Defendant in the above-identified actions, absent express written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant.

(b)     <u>Patent Prosecution/Acquision Bar</u>.  Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution or acquisition of patents or patent applications, or in the acquisition of patent rights, relating to digital imaging technology, including without limitation the patents

asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

(c)   <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party at a location within the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)   <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials or the contents thereof, provided counsel does not disclose the Protected Material or its contents, itself except as provided in this Order.

(e)   <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the

1  consent of the Producing Party; or (v) pursuant to order of the Court.

2        7.    **DESIGNATING PROTECTED MATERIAL**

3        (a)   <u>Available Designations</u>.   Any Producing Party may designate

4  Discovery Material with any of the following designations, provided that it meets the

5  requirements for such designations as provided for herein:  "CONFIDENTIAL,"

6  "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL –

7  OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

8        (b)   <u>Written Discovery and Documents and Tangible Things</u>.  Written

9  discovery, documents (which include "electronically stored information," as that

10  phrase is used in Federal Rule of Procedure 34), and tangible things that meet the

11  requirements for the confidentiality designations listed in Paragraph 7(a) may be so

12  designated by placing the appropriate designation on every page of the written

13  material prior to production.  For digital files being produced, the Producing Party

14  may mark each viewable page or image with the appropriate designation, and mark

15  the medium, container, and/or communication in which the digital files were

16  contained.   In the event that original documents are produced for inspection, the

17  original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES

18  ONLY" during the inspection and re-designated by the Producing Party, as

19  appropriate during the copying process.

20        (c)   <u>Depositions and Testimony</u>.   Parties or testifying persons or

21  entities may designate depositions and other testimony with the appropriate

22  designation by indicating on the record at the time the testimony is given or by sending

23  written notice of how portions of the transcript of the testimony is designated within

24  thirty (30) days of receipt of the transcript of the testimony.  All information disclosed

25  during a deposition for which no designation was made on the record shall be deemed

26  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it

27  may be appropriately designated as provided for herein has passed.  Any Party that

28  wishes to disclose the transcript, or information contained therein, may provide

written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

    (d) <u>Documents Produced in Native Form</u>

      (i) Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY – SOURCE CODE" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.

(ii)    When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file.

8.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of

1    a competitor of a Party, nor anticipated at the time of retention to become an officer,

2    director or employee of a Party or of a competitor of a Party; and (c) no unresolved

3    objections to such disclosure exist after proper notice has been given to all Parties as

4    set forth in Paragraph 12 below;

5                    (iv)    Court reporters, stenographers and videographers retained to

6    record testimony taken in this action;

7                    (v)     The Court, jury, and court personnel;

8                    (vi)    Graphics, translation, design, and/or trial consulting

9    personnel, having first agreed to be bound by the provisions of the Protective Order

10   by signing a copy of Exhibit A;

11                   (vii)   Mock jurors who have signed an undertaking or agreement

12   agreeing not to publicly disclose Protected Material and to keep any information

13   concerning Protected Material confidential;

14                   (viii)  Any mediator who is assigned to hear this matter, and his or

15   her staff, subject to their agreement to maintain confidentiality to the same degree as

16   required by this Protective Order;

17                   (ix)    Any person who appears as the author or as an addressee on

18   the face of the document or who has been identified by the Producing Party as having

19   been provided with the document or the information by the Producing Party; and

20                   (x)     Any other person with the prior written consent of the

21   Producing Party.

9.22   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

23   **ATTORNEYS' EYES ONLY"**

24                   (a)     A Producing Party may designate Discovery Material as

25   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects

26   information that is extremely confidential and/or sensitive in nature and the Producing

27   Party reasonably believes that the disclosure of such Discovery Material is likely to

28   cause economic harm or significant competitive disadvantage to the Producing Party.

The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(vii)    Any person who appears as the author or as an addressee on the face of the document or who has been identified by the Producing Party as having been provided with the document or the information by the Producing Party; and

(viii)    Any other person with the prior written consent of the Producing Party.

## 10.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party

or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)   The Court, jury, and court personnel;

(v)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(vi)   Any person who appears as the author or as an addressee on the face of the document or who has been identified by the Producing Party as having been provided with the document or the information by the Producing Party; and

(vii)   Any other person with the prior written consent of the Producing Party.

11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)   To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL -

SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the

dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

12.   **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Said written notice shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of device profiles for processing of digital

images, color information correction/transformation, or spatial information correction/transformation, or relating to the acquisition of intellectual property assets relating to device profiles for processing of digital images, color information correction/transformation, or spatial information correction/transformation. The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of device profiles for processing of digital images, or the acquisition of intellectual property assets relating to device profiles for processing of digital images.

(b)   Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period. If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)   For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use

or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the Producing Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.   Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.   The Producing Party shall have the burden of justifying the disputed designation;

(ii)     If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under L.R. 7 (and in compliance with L.R. 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules

that the Discovery Material in question is not entitled to the designation.

14. **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15. **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized under Central District Local Rule 79-5.1 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing

privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Within thirty (30) days of receiving the Receiving Party's certification of destruction, the Producing Party shall provide a privilege log or an updated privilege log that identifies the inadvertently produced Discovery Material by Bates number and provides all other information required by Rule 26(b)(5)(a)(ii) of the Federal Rules of Civil Procedure.

17.     **<u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice under section (a) , unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b)unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated as Prosecution Bar Material under this Order.

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **FINAL DISPOSITION**

(a)     Not later than sixty (60) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the

1    option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs

2    after an order, mandate, or dismissal finally terminating the above-captioned action

3    with prejudice, including all appeals.

4              (b)    All Parties that have received any such Discovery Material shall

5    certify in writing that all such materials have been returned to the respective outside

6    counsel of the Producing Party or destroyed.  Notwithstanding the provisions for

7    return of Discovery Material, outside counsel may retain one set of pleadings,

8    correspondence and attorney and consultant work product (but not document

9    productions) for archival purposes, but must return any pleadings, correspondence,

10   and consultant work product that contain Source Code.

11             20.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

12             (a)    Testifying experts shall not be subject to discovery with respect to

13   any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft

14   reports developed and drafted by the testifying expert and/or his or her staff are also

15   exempt from discovery.

16             (b)    Discovery of materials provided to testifying experts shall be

17   limited to those materials, facts, consulting expert opinions, and other matters actually

18   relied upon by the testifying expert in forming his or her final report, trial, or

19   deposition testimony or any opinion in this case. No discovery can be taken from any

20   non-testifying expert except to the extent that such non-testifying expert has provided

21   information, opinions, or other materials to a testifying expert relied upon by that

22   testifying expert in forming his or her final report(s), trial, and/or deposition testimony

23   or any opinion in this case.

24             (c)    No conversations or communications between counsel and any

25   testifying or consulting expert will be subject to discovery unless the conversations or

26   communications are relied upon by such experts in formulating opinions that are

27   presented in reports or trial or deposition testimony in this case.

28   / / /

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(e)     Nothing in this Protective Order, including Paragraphs 20(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

21.   **MISCELLANEOUS**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of or relating to this Protective Order, including any disputes involving non-parties.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this

1   action or any other proceeding.

2         (e)   <u>Burdens of Proof</u>.   Notwithstanding anything to the contrary

3   above, nothing in this Protective Order shall be construed to change the burdens of

4   proof or legal standards applicable in disputes regarding whether particular Discovery

5   Material is confidential, which level of confidentiality is appropriate, whether

6   disclosure should be restricted, and if so, what restrictions should apply.

7         (f)   <u>Modification by Court</u>.  This Order is subject to further court order

8   based upon public policy or other considerations, and the Court may modify this

9   Order *suasponte* in the interests of justice. The United States District Court for the

10  Central District of California is responsible for the interpretation and enforcement of

11  this Order.  All disputes concerning Protected Material, however designated, produced

12  under the protection of this Order shall be resolved by the United States District Court

13  for the Central District of California.

14        (g)   <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or

15  change in any way the discovery provisions of the Federal Rules of Civil Procedure,

16  the Local Rules for the United States District Court for the Central District of

17  California, or the Court's own orders.  Identification of any individual pursuant to this

18  Protective Order does not make that individual available for deposition or any other

19  form of discovery outside of the restrictions and procedures of the Federal Rules of

20  Civil Procedure, the Local Rules for the United States District Court for the Central

21  District of California, or the Court's own orders.

22        (h)   Non-Party Use of Protective Order.   Any non-party Producing

23  Party who produces Discovery Material in this litigation, whether voluntarily or

24  pursuant to a subpoena or by order of the Court, shall have the same rights of any

25  other Producing Party with respect to the protections of this Protective Order.  Such

26  non-party Producing Party shall designate any Protected Material pursuant to the

27  terms of this Protective Order.  A non-party's use of this Protective Order to protect its

28  Protected Material does not entitle that non-party access to any Protected Material

1  produced by the Parties to this litigation or to any Protected Material produced by
2  other non-parties.

3          (i)    Privilege Log Cutoff.  Apart from a showing of good cause, neither
4  Party shall be required to identify on its respective privilege log any document or
5  communication dated on or after the filing of this action, which absent this provision,
6  the Party would have been obligated to so identify on said privilege log.  The Parties
7  shall exchange their respective privilege logs at a time agreed upon by the Parties
8  following the production of documents.  Any non-party that elects not to produce
9  certain Discovery Materials on the basis of an assertion or attorney-client privilege,
10 work-product immunity, or any other applicable privilege or immunity, shall provide
11 to each Party within thirty (30) days of commencing production a privilege log that
12 complies with Rule 26(b)(5)(a) of the Federal Rules of Civil Procedure.
13 SO STIPULATED.

14
15 Dated:       March __, 2013          COLLINS EDMONDS POGORZELSKI
                                       SCHLATHER & TOWER, PLLC
16
17                                     By: _/s/_____
18                                        Joshua B. Long
                                          Attorneys for Plaintiff
19                                        DIGITECH IMAGE
                                          TECHNOLOGIES, LLC
20
21 **SO ORDERED.**
22
23 DATED: May 22, 2013                 _____
24                                     Hon. Otis D. Wright, II
                                       UNITED STATES DISTRICT JUDGE
25
26 List of Coordinated *Digitech* Cases

27 1.    8:12-cv-01324-ODW-MRW    *Digitech v. Electronics for Imaging Inc.*
28 2.    8:12-cv-01667-ODW-MRW    *Digitech v. Panasonic Corp. et al.*
   3.    8:12-cv-01668-ODW-MRW    *Digitech v. Buy.com*

| | | |
|---|---|---|
| 4. | 8:12-cv-01669-ODW-MRW | *Digitech v. Best Buy Co.* |
| 5. | 8:12-cv-01670-ODW-MRW | *Digitech v. Canon Inc. et al.* |
| 6. | 8:12-cv-01671-ODW-MRW | *Digitech v. B & H Foto & Elec. Corp.* |
| 7. | 8:12-cv-01673-ODW-MRW | *Digitech v. Sakar Int'l Inc.* |
| 8. | 8:12-cv-01675-ODW-MRW | *Digitech v. Mamiya Digital Imaging Co. et al.* |
| 9. | 8:12-cv-01676-ODW-MRW | *Digitech v. Olympus Corp. et al.* |
| 10. | 8:12-cv-01677-ODW-MRW | *Digitech v. Leica Camera AG et al.* |
| 11. | 8:12-cv-01678-ODW-MRW | *Digitech v. Sony Corp. et al.* |
| 12. | 8:12-cv-01679-ODW-MRW | *Digitech v. Fujifilm Corp. et al.* |
| 13. | 8:12-cv-01680-ODW-MRW | *Digitech v. General Imaging Co.* |
| 14. | 8:12-cv-01681-ODW-MRW | *Digitech v. Sigma Corp. et al.* |
| 15. | 8:12-cv-01683-ODW-MRW | *Digitech v. Target Corp.* |
| 16. | 8:12-cv-01685-ODW-MRW | *Digitech v. Nikon Corp. et al.* |
| 17. | 8:12-cv-01686-ODW-MRW | *Digitech v. Micro Elec. Inc.* |
| 18. | 8:12-cv-01687-ODW-MRW | *Digitech v. Overstock.com* |
| 19. | 8:12-cv-01688-ODW-MRW | *Digitech v. Newegg Inc.* |
| 20. | 8:12-cv-01689-ODW-MRW | *Digitech v. Pentax Ricoh Imaging et al.* |
| 21. | 8:12-cv-01693-ODW-MRW | *Digitech v. Xerox Co.* |
| 22. | 8:12-cv-01694-ODW-MRW | *Digitech v. Konica Minolta Holdings Inc. et al.* |
| 23. | 8:12-cv-01695-ODW-MRW | *Digitech v. CDW LLC* |
| 24. | 8:12-cv-01696-ODW-MRW | *Digitech v. Victor Hasselblad AB et al.* |
| 25. | 8:12-cv-01697-ODW-MRW | *Digitech v. Casio Computer Co. et al.* |
| 26. | 8:12-cv-02122-ODW-MRW | *Digitech v. Asus Computer Int'l et al.* |
| 27. | 8:12-cv-02123-ODW-MRW | *Digitech v. Motorola Mobility Inc. et al.* |
| 28. | 8:12-cv-02126-ODW-MRW | *Digitech v. Acer America Corp. et al.* |
| 29. | 8:12-cv-02127-ODW-MRW | *Digitech v. Toshiba Corp. et al.* |
| 30. | 8:13-cv-00134-ODW-MRW | *Digitech v. LG Electronics USA et al.* |

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Digitech Image Technologies, LLC v. [LIST ALL CASES]., United States District Court, Central District of California, Civil Action No. CV12-[XXXX] ODW (MRWx).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]